Orders reversed, with costs and disbursements, with leave to defendant to renew its motion to correct the clerk's minutes.

---

CHARLES F. HART, Respondent, *v.* FRANK McSWEGAN et al., Appellants.

(New York Common Pleas — General Term, December, 1895.)

In an action upon *quantum meruit* for work performed at a distant place, evidence of a custom, which was known to the defendant, as to charging for the carrying and boarding of workmen is competent on the question of the intent of the parties as to the price to be paid.

*Hart* v. *McSwegan,* 13 Misc. Rep. 334, affirmed.

APPEAL from judgment of the City Court, General Term, affirming judgment on verdict and order denying new trial.

The opinion gives the case.

*John Sidney Davenport,* for appellants.

*Ernest Hall,* for respondent.

PRYOR, J. In this action, for the value of labor and material, the controversy was upon the question whether the plaintiff could charge New York prices for work in Elizabethport, New Jersey, and for the expense of carrying and boarding his workmen in Elizabethport. The solution of the

problem depended upon the mutual understanding of the parties, and this again upon the circumstances of their negotiation. To the knowledge of defendant plaintiff's shop and men were in New York; yet he employed plaintiff to do the work in Elizabethport. It is hardly conceivable that he expected plaintiff to do the work for a less price than he got in New York, or to transport his men and support them at his own expense. This expense was a necessary element in the value of the work. In elucidating the understanding of the parties upon the point, the custom of the business was a pertinent and significant fact. But, indeed, the defendant had notice in the estimates furnished him that he would be charged for the carriage and subsistence of the men; and with this knowledge he was content to engage the plaintiff to perform the work upon terms to be implied from the circumstances of the employment.

Nay, more; the estimate gave the cost of the work as a greater sum than was actually charged — excluding extras — and still defendant ordered the work. How, now, can he object to the amount?

The value of the work was submitted to the determination of the jury, and after affirmance by the General Term of the court below their conclusion, upon sufficient proof, is obligatory with us.

Evidence of custom was not introduced to establish an express contract, but only to show a circumstance relevant to a term of the implied agreement, namely, the price defendant was to pay for the work. For the same purpose the parley between the parties and the estimates were competent proof.

The exceptions to the admission of evidence are either founded on no specific objection, or else are to proof manifestly competent upon the propriety of the charge for the work.

If it was error to exclude evidence of wages in Elizabethport, the error was obviated by subsequent reception of the proof. The reason for the ruling could not be a ground of exception.

On cross-examination defendant drew from a witness a fact which he stated upon hearsay, whereupon defendant moved to strike out the evidence. The informant of the witness afterwards verified the fact. The court was not requested to instruct the jury to disregard the evidence. The refusal to strike out was not error. *Platner v. Platner,* 78 N. Y. 90, 101.

The only available exception to the charge is " to that part which says: If there was an agreement between the plaintiff and Mr. McSwegan that he might take New York laborers down there and charge fifty cents an hour he can charge it for New York laborers," to which the answer is that we discover no such proposition in the charge.

Judgment and order affirmed, with costs.

DALY, Ch. J., and BISCHOFF, J., concur.
Judgment and order affirmed, with costs.